SO ORDERED.

Dated: November 23, 2009





REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge



McGUIRE GARDNER P.L.L.C.
Pernell W. McGuire (SBN: 015909)
Douglas C. Gardner (SBN: 023653)
Jared E. Holland (SBN: 025548)
320 North Leroux Street, Suite A
Flagstaff, Arizona 86001
Telephone: (928) 779-1173
Facsimile: (928) 779-1175
Attorneys for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>COREY ADAM JOHANNSEN,<br>PATRICIAL ANN PURCELL-JOHANNSEN<br><br>Debtor(s).<br><br>SSN: xxx-xx-4344   SSN: xxx-xx-9126<br>690 E. Robinson Dr.<br>Prescott, AZ 86303 | Case No. 2:09-bk-08190<br><br>A Proceeding Under Chapter 13<br><br>**STIPULATED ORDER APPROVING CHAPTER 13 PLAN AND APPLCIATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES** |

  The Chapter 13 Plan having been properly noticed out to creditors and all objections thereto having been settled and/or withdrawn,

**IT IS ORDERED** Confirming the Chapter 13 Plan of Debtors as follows:

1.   **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

  a.  <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:

$372.00 each month for month 1 through month 8.
$398.00 each month for month 9 through month 60.

The payments are due on or before the 22nd day of each month commencing May, 2009

Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee signed copies of their **federal** and **state** income tax returns for the years 2009 through 2013, within 30 days of filing said returns. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income. Debtors will turn over to the Trustee any net tax refunds for these three years which will be treated as supplemental Plan payments.

   b. Other Property. In the event that other property is submitted, it shall be treated as advanced payments. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan duration all allowed claims are paid in full, the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

   a. Administrative expenses.

   Attorney Fees. McGuire Gardner, PLLC, shall be allowed fees in the amount of $3,500.00. Counsel received the entire $3,500.00 prior to filing this case.

   Trustee Fees. The Chapter 13 Trustee shall receive a percentage fee of the Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed ten percent (10%) of all plan payments.

   b. Claims Secured Solely by Security Interest in Real Property. Creditor secured by lien on Debtor's residence, Wells Fargo Home Mortgage, shall be paid the pre-petition arrearage of $4,149.02 with interest at 0.00%. Regular post-petition payments will be made outside the Plan directly to the secured creditor by Debtor.

   Bank of America has a deed of trust which is a second mortgage against Debtors' residence shall be "stripped" from the residence thereby rendering this creditor fully unsecured (including any arrearage amounts owed). Within 30 days of the completion of the plan, Bank of America shall provide a deed of release and reconveyance of its deed of trust.

c. <u>Claims Secured by Personal Property or a Combination of Real and Personal Property.</u> Creditor secured by a 2005 Volvo S60, U.S. Bank Cons. Loans, shall be paid $ ~~8,600.76~~ at 8.00% interest through the plan.
   8,368.76 ✓ per proof of claim.

d. <u>Priority, Unsecured Claims.</u>

   <u>Unsecured Domestic Support Obligations.</u> None.

e. <u>Other Provisions.</u> None.

f. <u>Nonpriority, Unsecured Claims.</u> All other claims shall be classified as general nonpriority, unsecured claims. Nonpriority, unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance(s) remaining unpaid at the end of the Plan duration shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the bankruptcy estate shall be determined as of the date of this Order. All property of the bankruptcy estate vests in Debtors herewith, except for the property, if any, identified in the Plan.

Dated this ____ day of _____, 20____.

_____
**UNITED STATES BANKRUPTCY JUDGE**

APPROVED AS TO FORM AND CONTENT:

**Chapter 13 Trustee**

By: _____
Edward J. Maney
Trustee

3

**MCGUIRE GARDNER, P.L.L.C.**

By: _____
    Pernell W. McGuire
    Douglas C. Gardner
    Jared E. Holland
    Attorneys for Debtor(s)

**TIFFANY & BOSCO**

By: _____
    Mark S. Bosco
    Leonard J. Mcdonald
    Attorneys for Secured Creditor

Debtor(s), hereby certify they have filed all required State and Federal income tax returns and do not owe any domestic support obligations.

_____
Corey Johannsen, Debtor

_____
Patricia Johannsen, Debtor

**MCGUIRE GARDNER, P.L.L.C.**

By: _____
    Pernell W. McGuire
    Douglas C. Gardner
    Jared E. Holland
    Attorneys for Debtor(s)

**TIFFANY & BOSCO**

By: _____
    Mark S. Bosco
    Leonard J. Mcdonald
    Attorneys for Secured Creditor

Debtor(s), hereby certify hey have filed all required State and Federal income tax returns and do not owe any domestic support obligations.

_____
Corey Johannsen, Debtor

_____
Patricia Johannsen, Debtor